NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3971
_____

ANTHONY WILLIAMS,
                                        Appellant,
v.

LT. FORTE (SCIP); JOAN A. DELIE, Health Care
Administrator (SCIP); JOSEPH GERAGI, Medical
Staff ( SCIP); DR. GINCHREAUI, Medical Director
(SCIP); DIANE MANSON, R.N. Supervisor (SCIP);
WILLIAM STICKMAN, Superintendant (SCIP); JOE
ECSEDY,C/O I (SCIP); DAVID GOOD, Deputy
Superintendent PRC Member (SCIP); CHARLES J.
SIMSOM, Captain (SCIP); THOMAS E. MCCONNELL,
Captain (SCIP); BILL CARNUCHE, Counselor (SCIP);
MIKE ZAKEN, Unit Manager PRC Member (SCIP);
DONALD WILLIAMSON, Coordinator Diagnostic
Classification Bureau of Inmate Services PA  Dept. of
Corrections; THOMAS  JAMES, Grievances and Appeals
Officer; H. CLIFFORD O'HARA, Office of Professional
Responsibility Director at Dept. of Corrections
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00012)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2013

Before:  JORDAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed:  September 19, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Anthony Williams appeals from the District Court's judgment entered in favor of the remaining defendant and against him following a jury trial in his civil rights case. For the reasons that follow, we will affirm.

Williams, who at the relevant time was incarcerated in the Restrictive Housing Unit at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"), filed an in forma pauperis civil rights action, 28 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania, naming fifteen defendants. Williams alleged the excessive use of force and denial of medical care in violation of the Eighth Amendment. All of the defendants except for Lieutenant Jeff Forte and Correctional Officer Joe Ecsedy moved to dismiss the complaint. The District Court granted the motion in January, 2009, and Williams does not challenge that decision on appeal. Discovery ensued, and, among other things, the Magistrate Judge, pursuant to Williams' motion to compel, ordered the defendants to turn over all of Williams' medical records for the year 2003.

With respect to Forte and Ecsedy, Williams claimed that, on August 21, 2003, while he was handcuffed, Forte kicked him down a flight of stairs on the way back from the exercise yard, that Ecsedy failed to intervene and protect him, and that he suffered injuries to his head, back, wrists and fingers for which both of them, and non-defendant Unit Nurse Martha Hancock, denied him medical care. Williams claimed that, moments earlier, he had refused to let Forte and Ecsedy put him in an outdoor exercise cage with hostile gang members who wanted to kill him. Williams several times moved

2

unsuccessfully for appointment of counsel. Although his motions were denied, in March, 2011, the District Court *sua sponte* ordered the Clerk to contact the pro bono arm of the Allegheny County Bar Association and seek counsel to represent Williams at the trial. No attorney came forward to take the case.

Trial was scheduled for September 26, 2011. About six weeks prior to this date, Williams moved to amend his complaint to add an additional defendant and a claim that, in November, 2002, this additional defendant put him in restrictive custody in retaliation for filing lawsuits and grievances concerning prison conditions, and for complaining to a state legislator. The District Court denied leave to amend, and the case proceeded to a jury trial as scheduled. Williams testified and he called as his witnesses inmates Anthony J. Veneri and Arthur Commeger. These witnesses did not substantiate Williams' version of the events; one had him "kicked in the butt … on the way back up the steps," (N.T., 9/26/11, at 60), while the other had him beaten in his cell, see id. at 65. At the close of Williams' case, the defense made a motion under Fed. R. Civ. Pro. 50(a)(1) that resulted in the District Court's dismissing all claims against Ecsedy and the claim against Forte for denying Williams medical care.

Forte then testified that Williams, who was last in line for the exercise yard on that morning, declined to be put into the exercise cage that was assigned to him based upon his place in line, so he was returned to his cell without incident. Ecsedy played no role in escorting Williams back and forth to the exercise yard; it was Correctional Officer Samuel Lawrence who actually did so, and Lawrence, when he testified, also did not substantiate Williams' account. Nurse Hancock testified that she did not deny Williams medical care, and his medical records during the relevant time period showed no injuries

3

except an old injury to his right hand for which he refused treatment. Thomas McConnell testified that he conducted an internal investigation for the Department of Corrections and determined that Williams' account was false and that none of his allegations could be substantiated.

On September 27, 2011, the jury returned a defense verdict on the remaining excessive force claim against Forte and the District Court entered judgment on the verdict. Williams then moved for a new trial, complaining about racial discrimination in the jury selection process. The District Court denied this motion in an order entered on October 11, 2011.

Williams appeals. We have jurisdiction under 28 U.S.C. § 1291. Williams contends in his Informal Brief that the District Court erred in refusing to appoint him counsel, in granting the Rule 50(a)(1) motion, and in refusing to allow him to amend his complaint. He also contends that jury selection was tainted by racial discrimination. Prior to briefing, we granted his motion for the production of transcripts from his jury trial. We have reviewed those transcripts.

We will affirm. The denial of a prisoner's request for appointment of counsel in a civil rights case is reviewed for an abuse of discretion. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). Williams was not, contrary to his contention, entitled to appointment of counsel early in the litigation because the case did not require investigation beyond his capability, nor did it require expert testimony. See id. at 156. The case turned on a straightforward credibility determination, and, prior to trial, the District Court *sua sponte* appointed counsel to represent Williams. See id. (when case is likely to turn on credibility determinations appointment of counsel justified). Williams' contention is thus

4

meritless. In his brief, he argues that he did not know how to properly cross-examine the adverse witnesses, or know generally how to present his case to the jury, but courts have no authority under the in forma pauperis statute, 28 U.S.C. § 1915(e)(1), to compel counsel to represent an indigent civil litigant; the court may only make the request. Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 307 (1989). The District Court actually made a formal request to the bar for appointment of counsel to conduct the trial on Williams' behalf. No counsel volunteered to take Williams' case.

Williams next argues that the directed verdict in favor of Ecsedy was error. Rule 50(a)(1) provides that if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party…." Fed. R. Civ. Pro. 50(a)(1)(A). The rule requires a court to "review all the evidence in the record ... [and in] doing so, draw all reasonable inferences in favor of the nonmoving party ... [without] mak[ing] credibility determinations or weigh[ing] the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149-50 (2000). The District Court did not err in granting the motion for a directed verdict. Neither Williams nor his witnesses mentioned Ecsedy in connection with the claim that Forte without warning kicked Williams down a flight of stairs or the claim that he was denied medical care for his alleged resulting injuries. Moreover, Correctional Officer Lawrence's testimony in rebuttal served to reinforce the correctness of the District Court's decision. Lawrence testified, that he, and not Ecsedy, took Williams to the exercise yard and back again to his cell. (N.T., 9/27/11, at 12-13.) Thus, viewing the evidence in the light most favorable to Williams and without making a credibility

5

determination, there was insufficient evidence from which a jury could have found Ecsedy liable in any way.

Next, Williams contends that he should have been allowed to amend his complaint to add a new, unrelated, and stale claim just before trial. In his motion to amend, filed on August 5, 2011 and after a trial date had been set, Williams sought to introduce a new claim against one Captain Bovo, who allegedly filed a false misconduct report against him in November, 2002. The District Court did not abuse its discretion in denying leave to amend. The statute of limitations had long since passed by the time Williams filed this motion, see generally 42 Pa. Cons. Stat. Ann. § 5524 (providing that an action must be commenced within two years), and the claim did not relate back to the original complaint, Fed. R. Civ. Pro. 15(c)(1)(B). The claim did not arise out of the same transaction or occurrence that was set forth in the original complaint in that it had nothing whatever to do with the allegation that Forte and Ecsedy used excessive force and denied Williams medical care. The District Court did not err in denying the motion because this amendment to Williams' complaint would have been futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

With respect to Williams' contention of racial discrimination, we note that litigants have an equal protection right to jury selection procedures free from discrimination, J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 128-29 (1994), but litigants are not entitled to juries of a particular composition, Taylor v. Louisiana, 419 U.S. 522, 538 (1975). Williams contended in his motion for a new trial and now on appeal that he should have had jurors from the Homewood or Hazelwood neighborhoods of Pittsburgh, but he has not provided a basis for us to conclude that the absence of Homewood or

6

Hazelwood residents on the jury caused its composition to be unconstitutional or unrepresentative of a fair cross-section of his community. The District Court noted that the panel or venire was the standard one for the U.S. District Court for the Western District of Pennsylvania. (N.T., 9/26/11, at 6-7.) Moreover, a plaintiff in a civil action who claims that racial discrimination occurred in jury selection must establish a *prima facie* case, including information about whether there has been a pattern of strikes against members of a particular race. Edmonson v. Leesville Concrete Co., 500 U.S. 614, 631 (1991). Williams has provided no evidentiary support for this claim.

For the foregoing reasons, we will affirm the judgment and all orders of the District Court.